***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between decedent and employer-defendant.
3. Consolidated Administrators, now Carolinas AGC, was the third party administrator for defendant at all times pertinent thereto, which was a duly qualified self-insured.
4. Decedent's average weekly wage was $589.68, yielding a compensation rate of $393.13 per week.
5. Decedent's widow received 400 weeks of compensation ending on June 25, 2002.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The above-captioned case was originally filed on behalf of Ms. Stephens as the widow of Wade Stephens following an accident which took place on March 17, 1994, resulting in the death of decedent. Incidental thereto, a Form 30 Agreement for Compensation for Death was prepared and submitted to the North Carolina Industrial Commission for its consideration. That agreement for compensation was stipulated Exhibit No. 3.
2. An addendum to the Form 30, (Plaintiff's Exhibit No. 2) was drafted by plaintiff's counsel at the time, Ray Rankin. The addendum provided that the agreement left open the issue of the 10% penalty and disability of Ruth Stephens beyond 400 weeks. The addendum is signed only by Ruth Stephens and no agreement or consent was made expressly or impliedly by defendants.
3. Mr. Rankin, by letter dated May 31, 1995, acknowledged receipt of a Notice of Death Award, and, without any acquiescence by defendants, advised that the Death Award left open an issue about a 10% penalty and an issue about disability extending beyond 400 weeks. Mr. Rankin further advised that he would request a hearing on the two outstanding issues shortly, which never occurred.
4. Lisa Beelendorf, Claims Adjustor, wrote Mr. Rankin advising him that defendants did not submit the addendum to the Form 30 to the Industrial Commission, and informing him that defendants did not feel that the statements in the addendum were not related to the claim, and indicating that plaintiff could file for a hearing regarding this matter.
5. The Notice of Death Award, dated May 22, 1995, provided inter alia
that the "Commission hereby approves said agreement (as amended) and directs payment of compensation as follows: (1) At the rate of $393.13 a week during 400 weeks beginning March 17, 1994, to Mrs. Ruth Stephens, widow." The last section of the Form 30D states as follows: "This is a formal award and any interested party may give notice of appeal therefrom within the time and in the manner provided by law."
6. The Form 30 used by the parties in this case was the 1979 version, which did not require the parties to address lifetime benefits, as the 1992.
7. No appeal was made from the Notice of Death Award dated May 22, 1995, by plaintiff.
8. Defendant's Exhibit No. 3 is an e-mail from Judy King with CompTrust ACG to Paula Barnes at the Industrial Commission requesting any Order from the Industrial Commission filed other than that dated May 22, 1995, and identified hereinabove as defendant's Exhibit No. 1. Ms. Barnes advised that there was "no record of any Order stating the payment should go beyond 400 weeks," but that if Mrs. Stephens could present an Order awarding amounts in addition to 400 weeks they would be happy "to review and verify if it is a true copy."
9. Based upon the greater weight of the evidence, the Notice of Death Award was a final award which did not provide for lifetime benefits.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The Notice of Death Award provided for payment of benefits to Ruth Stephens, as widow of Wade Stephens, for 400 weeks from and after his death on March 17, 1994 and no further. Plaintiff did not give notice of appeal pursuant to either N.C. Gen. Stat. §§ 97-85 or 97-86 from the Notice of Death Award. Accordingly, the Award became and remains a final judgment which cannot be reopened or relitigated.
2. The Notice of Death Award of May 22, 1995 was a final award of the North Carolina Industrial Commission, received by plaintiff's counsel on or before May 31, 1995. N.C. Gen. Stat. § 97-85. Therefore, plaintiff's claim for additional death benefits must be denied.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Plaintiff's claim for additional benefits is hereby DENIED.
2. Each side shall bear its own costs, except that defendants shall pay an expert witness fee of $560.00 to Dr. Bridget Bongaard.
This the 4th day of April, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER